## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIK SHAKUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-983-C |
| | ) |
| BRIDGESTONE/FIRESTONE, INC, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Compel Inspection of Tangible Thing and Request for Expedited Hearing filed by Plaintiff Malik Shakur (Shakur). Defendant Bridgestone/Firestone, Inc. (BFI) filed a response, Shakur filed a reply, and BFI filed a supplemental brief; accordingly, the motion is ripe for disposition. The Court, upon full consideration of the litigants' submissions and the applicable law, now **GRANTS** Shakur's motion.

### BACKGROUND

This ancillary dispute stems from Plaintiff's action against Defendants for breach of contract, wrongful discharge, and tortious interference. The focal point of this discovery dispute involves Shakur's Fed. R. Civ. P. 34 request to inspect a Final Tire Inspection Machine (Machine) inside BFI's manufacturing plant—the same Machine BFI contends Shakur tampered with, and which, inter alia, supports BFI's decision to terminate his employment. Shakur gave notice on May 9, 2006, to BFI and requested entry to the plant

at 9:30 a.m. on May 15, 2006, in order to inspect the Machine. Shakur followed the notice with a subpoena on May 10, 2006. BFI immediately provided written objections to the request for inspection on May 12, 2006.

Shakur contends that he should be allowed to inspect the Machine, as serious concerns surrounding the Machine came to light late in the discovery process and that BFI received proper notice and a subpoena pursuant to Rules 34 and 45. Defendant proffers six objections for why Shakur's motion should be denied: (1) that the subpoena, as drafted and served by Shakur, is not the proper method by which to request an inspection of the plant; (2) that BFI is entitled to a full thirty-day time period in which to respond to Shakur's request for entry; (3) that neither the subpoena nor the notice specified a reasonable time for the requested inspection; (4) that BFI did not have sufficient time to object to the requested inspection, as the time between its reception of the Rule 45(b)(1) notice and the subsequent subpoena was too short; (5) that it would be unfairly prejudicial and unduly burdensome and disruptive to require BFI to comply with Shakur's request for entry, as its plant operates twenty-four hours per day; and (6) that Shakur's inspection of the Machine would result in disclosure of trade secrets and confidential and proprietary information.

During discovery, Shakur need only serve BFI with proper notice requesting the Machine's inspection; a subpoena is unnecessary as BFI is a party to this action. Rule 34(a), (c). Here, Shakur's notice specified which piece of equipment he sought to inspect along with the proper place and manner of making the inspection. Rule 34(b). Although the requested timing in Shakur's notice does not allow BFI the usual thirty-day response time,

the Court treats his motion to compel also as a motion to shorten time. Rule 34(b) ("A shorter or longer time may be directed by the court . . . ."). The full thirty-day response period is not needed, given that BFI lodged written objections with Shakur three days after receiving notice and proffered additional objections to the Court in response to Shakur's Motion to Compel. As a result, BFI's first four objections are moot.

In his motion, Shakur states that "[he] is agreeable, and indeed desires, to videotaping the Machine while it is in operation, and accordingly, there will not be any disruption of the on-going business operations of [BFI]." (Pl.'s Mot. to Compel, Dkt. No. 42, at 4, ¶ 11.) The scope of Shakur's request is limited; it does not involve experts or an expert's opinion; and does not result in the shutting down of either the Machine or its associated production line; it merely requests the viewing and recording of the Machine in operation through photographic or video-recording means. Additionally, though BFI's plant may operate twenty-four hours per day, BFI fails to present evidence that the Machine itself operates on the same schedule. The Court finds that BFI will not suffer prejudice; thus, its fifth objection is overruled.

In both his motion and in correspondence preceding his motion, Shakur readily agreed to a protective order covering BFI's commercial interests in its plant, thereby assuaging BFI's concerns over the disclosure of trade secrets or confidential or proprietary information. Additionally, other than BFI's bald assertion, it fails to support its objection with any evidence of what commercial interests are subject to harm. See Phillips v. Calhoun, 956 F.2d

949, 953-54 (10th Cir. 1992) (holding that a litigant must support an argument with legal authority or forfeit the argument).  BFI's sixth objection is overruled.

Generally, Rule 37(a)(4)(A) mandates the award of reasonable expenses, including attorney's fees, to the movant if the motion to compel is granted.  Here, given the late timing of Shakur's discovery request and his failure to follow Rule 34, an award of expenses would be unjust.  See id.

## CONCLUSION

Shakur's Motion to Compel [Dkt. No. 42], as pertaining to the Machine's inspection, is **GRANTED**.  Shakur may inspect the Machine in the manner delineated above.  In light of the foregoing, Shakur's request for an expedited hearing is moot.  The litigants must agree to a protective order and complete the inspection of the Machine within two weeks from the date of this Order.  The litigants are to bear their own expenses and fees incurred in relation to this motion.

IT IS SO ORDERED this 24th day of May, 2006.

ROBIN J. CAUTHRON
United States District Judge