**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MALIK SHAKUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-983-C |
| ) | |
| BRIDGESTONE/FIRESTONE, INC., ) | |
| its divisions and subsidiary manufacturing ) | |
| companies, d/b/a DAYTON TIRE, and ) | |
| UNITED STEEL WORKERS OF ) | |
| AMERICA, LOCAL NO. 998, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court are two Motions for Summary Judgment, the first filed by Bridgestone/Firestone, Inc., d/b/a Dayton Tire (Bridgestone), and the second filed by United Steel Workers of America, Local No. 998L (Union) (if considered collectively, Defendants). Plaintiff Malik Shakur[1] (Shakur) timely filed his responses; therefore, the motions are ripe for adjudication. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS** Defendants' motions.

### BACKGROUND

Shakur worked for Bridgestone as a tire inspector until Bridgestone terminated his employment on June 21, 2002. During his employment, Shakur was a member of Union and subject to a Collective Bargaining Agreement (CBA) between Union and Bridgestone. The

---

[1] Malik Shakur was formerly known by the name of Ray Alexander during certain events relevant to the instant action. (Pl.'s Supplement, Dkt. No. 71, Ex. 1, ¶ 1.)

CBA mandated that arbitration be the final step for the resolution of labor disputes. Upon his termination, Shakur filed a grievance with Union protesting his discharge. On December 5, 2002, Shakur and Bridgestone arbitrated their differences with Union representing Shakur during the hearing. The arbitrator issued his ruling sustaining Shakur's discharge on December 20, 2002, and Shakur learned of the arbitrator's decision on or before January 10, 2003.

In addition to the CBA-mandated grievance process, Shakur sought relief via alternative channels. On January 7, 2003, Shakur filed a charge with the Equal Employment Opportunity Commission which, in turn, dismissed the charge and issued a right-to-sue letter the very next day. On April 2, 2003, he filed a charge with the National Labor Relations Board which subsequently dismissed the charge on May 5, 2003. On March 5, 2004, Shakur filed suit in an Oklahoma state court alleging that Bridgestone breached its contract with Shakur by discriminating against him on the basis of race. The court sua sponte dismissed Shakur's petition on July 12, 2004, for failure to effectuate service of process within the allotted time. Lastly, on July 12, 2005, Shakur filed the instant action in the District Court of Oklahoma County, State of Oklahoma, alleging breach of contract, wrongful discharge in violation of Oklahoma's public policy, and tortious interference with contract. Defendants timely removed the action to federal court under federal question jurisdiction and now move the Court for summary judgment on all of Shakur's claims.

## STANDARD OF REVIEW

Summary judgment is proper only if Defendants, as the moving parties, shows "there is no genuine issue as to any material fact and that [Defendants are] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's function, at the summary judgment stage, is not to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). "An issue is 'genuine' if [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of [Shakur]'s position is insufficient to create a dispute of fact that is 'genuine'. . . ." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). Defendants, as the parties not bearing the burden of persuasion at trial, need not negate Shakur's claims, but may point out to the Court his lack of evidence on an essential element of a claim. Adams v. Am. Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000). Shakur will avoid summary judgment only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, of an essential and contested element of the case. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." See Adler, 144 F.3d at 670 (citing Anderson, 477 U.S. at 248). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party, Shakur, and draws all reasonable inferences

in his favor. See Anderson, 477 U.S. at 255; Simms v. Okla. ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999).

## DISCUSSION

Defendants move for summary judgment on the grounds that Shakur's claims are either preempted by federal law—specifically, the Labor Management Relations Act (LMRA)—or barred by the appropriate statute of limitations. Union also contends that Shakur lacks evidence that it breached its duty of fair representation. In response, Shakur categorically denies Defendants' arguments and also asserts that, to the extent his claims were filed out of time, the statute of limitations should be equitably tolled.

**I.      Breach of Contract and Tortious Interference with Contract Claims.**

Defendants argue that Shakur's state law claims for breach of contract and tortious interference with contract are preempted by the LMRA as the claims are heavily dependent upon the Court's analysis of the litigants' CBA. Shakur asserts, without citation to authority, that the aforementioned claims are incorporated into his third claim of retaliatory discharge, which is not preempted by the LMRA, and thus also escape federal preemption.

LMRA § 301[2] preempts all state law-based claims if the claims either directly involve a provision of the CBA or are substantially dependant upon the analysis of a provision of the CBA. Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987). In his petition, Shakur explicitly alleges that Defendants both breached and interfered with his employment contract, the CBA. (Defs.' Notice of Removal, Dkt. No. 1, Ex. 1, ¶¶ 12, 13, 17; Bridgestone's Br., Dkt. No. 48, Ex. A, at 56, 61.) Shakur does not argue the existence of any other contract. Under Oklahoma law, adjudication of Shakur's claims necessarily requires resort to and interpretation of the CBA in order to evaluate the rights and duties of the litigants. See OUJI 23.1, 24.1. Accordingly, Shakur's state law-based claims of breach of contract and tortious interference with contract are preempted and summary judgment is appropriate.

A.   Breach of Contract as a Federal Hybrid Claim.

Shakur argues throughout his response that his breach of contract claims are premised upon state law; nonetheless, he has not expressly disclaimed the possibility that his breach of contract claims may be brought as a judicially-created federal cause of action. See Vaca v Sipes, 386 U.S. 171, 185-86 (1967). As his petition must be construed to do substantial justice, Fed. R. Civ. P. 8(f), the Court also addresses his breach of contract claims under

---

[2]   Venue, amount, and citizenship – Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

federal common law. In their briefs, Defendants argue that Shakur's breach of contract claims are untimely even under federal law.

Shakur's assertions that Bridgestone breached the CBA and that Union breached its duty of fair representation may be classified as a "hybrid" suit permissible under the LMRA. See Edwards v. Int'l Union, United Plant Guard Workers of Am., 46 F.3d 1047, 1051 (10th Cir. 1995). Though Shakur's separate assertions are conceptually independent causes of action, they are "inextricably interdependent" with each claim subject to a six-month statute of limitations. Id. at 1050-51. The separate causes of action under a hybrid suit accrue simultaneously even though "the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action or the date on which the employee knew or should have known of the employer's final action, whichever occurs later." Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558, 1559 (11th Cir. 1986). When no dispute exists regarding the dates on which key acts occurred, the date a claim accrues is a question of law. Edwards, 46 F.3d at 1050.

Here, Shakur challenges the adequacy of the Union's representation of his case during arbitration. Therefore, with the facts viewed in the light most favorable to Shakur, his hybrid suit accrued at the latest on January 10, 2003, when, after the CBA-mandated dispute resolution process had ended, he learned of the arbitrator's adverse decision. Id. at 1054; Bridgestone's Br., Dkt. No. 48, Ex. A, at 179. Shakur filed his hybrid suit on July 12, 2005,

well outside the applicable six-month statute of limitations.[3]  Consequently, his hybrid suit is time-barred and summary judgment is appropriate.

## II.   Workers' Compensation Retaliatory Discharge Claim.

Defendants argue that summary judgment is appropriate on Shakur's retaliatory discharge claim as it is time-barred.  Shakur proffers two responses: that his claim is timely under the Oklahoma savings statute, and that the statute of limitations should be equitably tolled.

A retaliatory discharge claim brought under Oklahoma's Workers' Compensation Act, 85 Okla. Stat. § 5, is not preempted by federal labor laws, Peabody Galion v. Dollar, 666 F.2d 1309, 1319 (10th Cir. 1981), and is subject to a three-year statute of limitations, Ingram v. Oneok, Inc., 1989 OK 82, ¶ 25, 775 P.2d 810, 815; Spiker v. Farmers Co-op Exch. of Jet, 1990 OK CIV APP 102, ¶ 1, 802 P.2d 650, 651 1990.  Shakur was well aware of alleged potential retaliation by Bridgestone for filing a workers' compensation claim (Pl.'s Supplement, Dkt. No. 71, Ex. 1, ¶¶ 17-21); consequently, his retaliatory discharge claim accrued on June 21, 2002, the day Bridgestone terminated his employment.  See Vickers v. State ex rel. Okla. Police Pension & Ret. Bd., 2005 OK CIV APP 65, ¶ 25, 120 P.3d 862, 868.  His claim is time-barred, as he filed the instant action on July 12, 2005, twenty-one days after his claim expired.  Shakur's argument that the Oklahoma savings statute makes

---

[3] Shakur proffers a general argument that the Oklahoma savings statute, 85 Okla. Stat. § 5, makes his "claims" timely.  Though not explicitly addressed by the litigants, the Court notes that Oklahoma's savings statute is inapplicable to Shakur's federal hybrid claim as it is governed by a federal statute of limitations.  Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991).  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 154-55 (1983).

his retaliatory discharge claim timely is unpersuasive. Shakur's July 12, 2005, petition raised for the first time his retaliatory discharge claim which is premised upon a different set of operative facts than the claim in his March 5, 2004, petition that Bridgestone breached its contract with Shakur by discriminating against him on the basis of race. Chandler v. Denton, 1987 OK 38, ¶ 13, 741 P.2d 855, 863. As a result, summary judgment is appropriate on Shakur's retaliatory discharge claim.

### III.    Application of Equitable Tolling to Shakur's Claims.

Shakur asserts that the statute of limitations for each of his claims should be equitably tolled, given Defendants' conduct both before and during the arbitration hearing as well as his attempts to seek redress via alternative channels such as the National Labor Relations Board and the Equal Employment Opportunity Commission. Here, equitable tolling is inapplicable. Shakur could have filed his state law-based retaliatory discharge claim at any time after his termination. Likewise, he could have filed his hybrid suit at any time after becoming aware of the arbitrator's decision. That Defendants may have acted a certain way both before and during the arbitration proceeding in no way affected Shakur's ability to file either his retaliatory discharge claim or hybrid suit. That Shakur attempted to seek redress via alternative channels is equally unavailing, as he fails to show that use of those alternative channels was part of the grievance process mandated by either the CBA or applicable law as was the arbitration proceeding. Even when the record is construed in the light most favorable to Shakur, he fails to point the Court to any facts wherein Defendants in any manner either actively deceived him, induced him into allowing a filing deadline to pass, or

prevented him from filing his hybrid suit or retaliatory discharge claim within the applicable limitations periods. Edwards, 46 F.3d at 1054-55 ("[W]e find these facts do not rise to the level of 'active deception' sufficient to invoke the powers of equity and toll the legal limitations period for hybrid actions . . ."); McGee v. Kirby, 1941 OK 326, ¶ 5, 118 P.2d 199, 200 (discussing the tolling of the statue of limitations when a person is prevented from exercising his legal remedy); see Montoya v. Chao, 296 F.3d 952, 957-58 (10th Cir. 2002) (discussing equitable tolling in general and in suits under Title VII). As a result, equitable tolling is inapplicable to forestall the limitations periods for Shakur's retaliatory discharge claim and hybrid suit.

## CONCLUSION

Defendants have proffered undisputed facts demonstrating that Shakur's state law-based claims for breach of contract and tortious interference with contract are preempted by the LMRA, and that Shakur's hybrid suit and retaliatory discharge claim are time-barred. Consequently, Defendants' Motions for Summary Judgment [Dkt. Nos. 45, 47] are **GRANTED**. Judgment will enter accordingly.

IT IS SO ORDERED this 29th day of June, 2006.

ROBIN J. CAUTHRON
United States District Judge